J-S50044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FERNANDO NUNEZ | |
| Appellant | No. 3200 EDA 2014 |

Appeal from the PCRA Order October 22, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0402401-2014

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

JUDGMENT ORDER BY JENKINS, J.:                **FILED FEBRUARY 10, 2016**

Appellant Fernando Nunez appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On November 16, 2005, the trial court sentenced Appellant to life imprisonment for committing a murder when he was 16 years old.  On December 23, 2008, this Court affirmed his judgment of sentence.  The Pennsylvania Supreme Court denied his petition for allowance of appeal on July 27, 2009.  On February 12, 2010, Appellant timely filed his first PCRA petition, which the PCRA court denied on December 2, 2011.  On January

_____

[1] 42 Pa.C.S. §§ 9541-9546.

14, 2014, this Court affirmed the order denying Appellant's first PCRA petition.

On April 1, 2014, Appellant filed the instant *pro se* PCRA petition alleging ***Miller v. Alabama***, __ U.S. __, 132 S.Ct. 2455 (2012) announced a newly discovered constitutional right that should apply retroactively to his case.

Before we address the merits of Appellant's claims, we must determine whether his PRCA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. ***Commonwealth v. Williams***, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." ***Id.*** To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011);

- 2 -

*see also* 42 Pa.C.S. § 9545. This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

> (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). When a petitioner asserts the new constitutional right exception to the PCRA time bar, he must file his PCRA petition within 60 days of the decision of the Supreme Court of the United States or the Supreme Court of Pennsylvania which has held the newly recognized constitutional right to apply retroactively. *See Commonwealth v. Chambers*, 35 A.3d 34, 39 (Pa.Super.2011), *appeal denied*, 46 A.3d 715 (Pa.2012).

Here, Appellant's judgment of sentence became final on October 27, 2009, when his time to appeal to the United States Supreme Court expired. *See Monaco, supra.* Accordingly, he had until October 27, 2010 to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1). Appellant filed the instant *pro se* PCRA petition on April 1, 2014. Thus, his PCRA petition is facially untimely, and we must determine whether Appellant has pled and proved any of the exceptions to the PCRA time limitation within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii), (b)(2).

Appellant attempts to invoke the new constitutional right exception to the PCRA time bar by arguing that *Miller* applies retroactively to his case. Unfortunately, Appellant did not file his PCRA petition within 60 days of the *Miller* decision or the date that this Court affirmed the PCRA order denying his first PCRA petition.[2] Thus, his petition is time barred.

Order affirmed.

---

[2] Fortunately for Appellant, he may still file a PCRA petition within 60 days of the decision in *Montgomery v. Louisiana*, __ U.S. __, 2016 WL 280758 (filed January 25, 2016), which held that *Miller* applies retroactively to cases on collateral appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2016